SH

**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Pianka, | No.  CV 14-2069-DGC (MHB) |
| Plaintiff, | |
| v. | **ORDER** |
| Unknown Palmer, et al., | |
| Defendants. | |

On September 17, 2014, Plaintiff Victor Pianka, who is confined in the Eloy Detention Center, in Eloy, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, an Application to Proceed *In Forma Pauperis*, and a Motion to Appoint Counsel (Doc. 4).  In an October 29, 2014 Order, the Court denied the deficient Application to Proceed and dismissed the Complaint for failure to use the court-approved form.  The Court gave Plaintiff 30 days to file an amended complaint and a new Application to Proceed.

On November 13, 2014, Plaintiff filed a new Application to Proceed (Doc. 9) and a First Amended Complaint (Doc. 11).  The Court will deny the Motion to Appoint Counsel, grant the new Application to Proceed, and dismiss the First Amended Complaint with leave to amend.

**I.** **Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's new Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C.

JDDL

§ 1915(b)(1).  The Court will assess an initial partial filing fee of $5.13.  The remainder of the fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.    Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

1   But as the United States Court of Appeals for the Ninth Circuit has instructed,
2   courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338,
3   342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less
4   stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v.*
5   *Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

6   If the Court determines that a pleading could be cured by the allegation of other
7   facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal
8   of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).
9   Plaintiff's First Amended Complaint will be dismissed for failure to state a claim, but
10   because it may possibly be amended to state a claim, the Court will dismiss it with leave
11   to amend.

12   **III.    Failure to Comply with Rule 8 of the Federal Rules of Civil Procedure**

13   The Court has reviewed Plaintiff's First Amended Complaint and concludes that it
14   fails to comply with Rule 8 of the Federal Rules of Civil Procedure.  Rule 8(a) requires a
15   "short and plain statement of the claim."  Fed. R. Civ. P. 8(a)(2).  Rule 8(d)(1) states that
16   "[e]ach allegation must be simple, concise, and direct."  A complaint having the factual
17   elements of a cause of action scattered throughout the complaint and not organized into a
18   "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a).
19   *See Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988); *see also*
20   *McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996).  To comply with Rule 8, a plaintiff
21   should set forth "who is being sued, for what relief, and on what theory, with enough
22   detail to guide discovery."  *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).  It is
23   not the responsibility of the Court to review a rambling narrative in an attempt to
24   determine the number and nature of a plaintiff's claims.

25   Plaintiff's First Amended Complaint fails to comply with Rule 8.  The First
26   Amended Complaint consists of various disjointed claims including the following
27   allegations:

28

JDDL

1    Defendant Palmer arrested Plaintiff without probable cause in Maricopa County
2    Superior Court case #2011-160573.   On another occasion, Palmer arrested Plaintiff,
3    drove him to an apartment at an unspecified location, and held a gun on Plaintiff while
4    Plaintiff was "raped all day," and an unnamed officer "injected [Plaintiff] with a pet
5    locat[o]r chip, the first of over fifty pet locat[o] chips injected under [Plaintiff's] skin" by
6    these unnamed individuals.   Plaintiff was given "a sodium pentothal injection so [he]
7    would not remember cle[a]rly."   In an unspecified 2004 criminal case, Plaintiff was
8    coerced and threatened into pleading guilty. On an unspecified date, Plaintiff was
9    kidnapped for a week by an unnamed "officer and his associates" and given another
10   injection.   On an unspecified date, Plaintiff claims to have been injected with sodium
11   pentothal "hundreds of times."   Plaintiff makes various references to previous criminal
12   cases in which he was "set up" or coerced into pleading guilty.   Plaintiff alleges that on
13   an unspecified date, Palmer forced him to "eat a large volume of pain pills, injected [his]
14   fingers with something that softens the bone and in a vice crooked [Plaintiff's] fingers."
15   During this "same altercation, Officer Palmer injected [Plaintiff] with steroids, made
16   [him] drink coffee and plucked hairs out of [Plaintiff's] head and eyebrows."

17   Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519,
18   520-21 (1972), conclusory and vague allegations will not support a cause of action.  *Ivey*
19   *v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).   Further, a
20   liberal interpretation of a civil rights complaint may not supply essential elements of the
21   claim that were not initially pled.  *Id*. Because Plaintiff's First Amended Complaint is
22   rambling and incoherent, the Court cannot meaningfully review it, as required by 28
23   U.S.C. § 1915A(a).   Accordingly, the Court will dismiss the First Amended Complaint
24   with leave to amend.

25   Plaintiff should carefully follow the Instructions for completing the court-
26   approved form complaint in completing his second amended complaint.  He should set
27   forth only one claim per count.  For each count, Plaintiff should summarize facts to
28   support the constitutional right violated, by whom, when and where, and how each

1    defendant violated the right.  Moreover, Plaintiff may only attach an additional 15 pages,

2    if necessary.  **Any pages beyond the additional 15 page limit will be stricken and the**

3    **Court will not consider any allegations in those additional pages.**

4    **IV.    Motion to Appoint Counsel**

5            There is no constitutional right to the appointment of counsel in a civil case.  *See*

6    *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982).  When

7    proceeding *in forma pauperis*, the court may request an attorney to represent any person

8    unable to afford one.  28 U.S.C. § 1915(e)(1).  Appointment of counsel under 28 U.S.C.

9    § 1915(e)(1) is required only when "exceptional circumstances" are present.  *Terrell v.*

10   *Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).   A determination with respect to

11   exceptional circumstances requires an evaluation of the likelihood of success on the

12   merits as well as the ability of Plaintiff to articulate his claims *pro se* in light of the

13   complexity of the legal issue involved.  *Id.*  "Neither of these factors is dispositive and

14   both must be viewed together before reaching a decision."   *Id.* (quoting *Wilborn v.*

15   *Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

16           Having considered both elements, it does not appear at this time that exceptional

17   circumstances are present that would require the appointment of counsel in this case.

18   Plaintiff is in no different position than many *pro se* prisoner litigants.  Thus, the Court

19   will deny without prejudice Plaintiff's Motion for Appointment of Counsel.

20   **V.     Leave to Amend**

21           For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed

22   for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.  Within 30

23   days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined

24   above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a

25   second amended complaint.  If Plaintiff fails to use the court-approved form, the Court

26   may strike the second amended complaint and dismiss this action without further notice

27   to Plaintiff.

28   . . .

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint."  The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or First Amended Complaint by reference.  Plaintiff may include only one claim per count.

A second amended complaint supersedes the original Complaint and First Amended Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint and First Amended Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original complaint or first amended complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a second amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

If Plaintiff files a second amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct.  *See Rizzo*, 423 U.S. 362, 371-72, 377 (1976).

Plaintiff must repeat this process for each person he names as a Defendant.  If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim.  **Conclusory allegations that a Defendant or group of Defendants has violated a constitutional right are not acceptable and will be dismissed**.

. . .

. . .

. . .

**V.    Warnings**

    **A.    Release**

        If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a <u>non</u>-prisoner application to proceed *in forma pauperis*.  Failure to comply may result in dismissal of this action.

    **B.    Address Changes**

        Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

    **C.    Copies**

        Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

    **D.    Possible Dismissal**

        If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

    (1)    Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 9) is **granted**.

    (2)    As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $5.13.

    (3)    Plaintiff's Motion to Appoint Counsel (Doc. 4) is **denied without prejudice**.

1    (4)    The First Amended Complaint (Doc. 11) is **dismissed** for failure to comply

2  with Rule 8 of the Federal Rules of Civil Procedure.  Plaintiff has **30 days** from the date

3  this Order is filed to file a second amended complaint in compliance with this Order.

4    (5)    If Plaintiff fails to file a second amended complaint within 30 days, the

5  Clerk of Court must, without further notice, enter a judgment of dismissal of this action

6  without prejudice.

7    (6)    The Clerk of Court must mail Plaintiff a court-approved form for filing a

8  civil rights complaint by a prisoner.

9    Dated this 10th day of December, 2014.

_____

David G. Campbell
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence.**  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.  The total fees for this action are $400.00 ($350.00 filing fee plus $50.00 administrative fee).  If you are unable to immediately pay the fees, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $400 filing and administrative fees or the application to proceed *in forma pauperis* to:**

<u>Phoenix & Prescott Divisions</u>:     **OR**     <u>Tucson Division</u>:
U.S. District Court Clerk                        U.S. District Court Clerk
U.S. Courthouse, Suite 130                    U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10     405 West Congress Street
Phoenix, Arizona 85003-2119                Tucson, Arizona 85701-5010

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>       Attorney for Defendant(s)
> _____
> (Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint. LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1.  <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

    3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____, )
(Full Name of Plaintiff)                )
           Plaintiff,        )
                          )
        vs.                     )   **CASE NO.** _____
                          )        (To be supplied by the Clerk)
(1) _____, )
(Full Name of Defendant)              )
(2) _____, )
                          )   **CIVIL RIGHTS COMPLAINT**
(3) _____, )       **BY A PRISONER**
                          )
(4) _____, )   ☐ Original Complaint
          Defendant(s).        )   ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them. )   ☐ Second Amended Complaint

## A.  JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
       ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
       ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
       ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

**550/555**

## B.  DEFENDANTS

1.   Name of first Defendant: _____.  The first Defendant is employed as:
     _____ at _____.
                          (Position and Title)                                       (Institution)

2.   Name of second Defendant: _____.  The second Defendant is employed as:
     _____ at _____.
                          (Position and Title)                                       (Institution)

3.   Name of third Defendant: _____.  The third Defendant is employed as:
     _____ at _____.
                          (Position and Title)                                       (Institution)

4.   Name of fourth Defendant: _____.  The fourth Defendant is employed as:
     _____ at _____.
                          (Position and Title)                                       (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?          ☐ Yes          ☐ No

2.   If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    b.  Second prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    c.  Third prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities     ☐ Mail     ☐ Access to the court     ☐ Medical care
    ☐ Disciplinary proceedings     ☐ Property     ☐ Exercise of religion     ☐ Retaliation
    ☐ Excessive force by an officer     ☐ Threat to safety  ☐ Other: _____

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies:**
    a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?     ☐ Yes   ☐ No
    b.   Did you submit a request for administrative relief on Count I?     ☐ Yes   ☐ No
    c.   Did you appeal your request for relief on Count I to the highest level?     ☐ Yes   ☐ No
    d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

**COUNT II**

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion    ☐ Retaliation
    ☐ Excessive force by an officer   ☐ Threat to safety ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                             ☐ Yes    ☐ No
    b.  Did you submit a request for administrative relief on Count II?          ☐ Yes    ☐ No
    c.  Did you appeal your request for relief on Count II to the highest level?    ☐ Yes    ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

## COUNT III

1.  State the constitutional or other federal civil right that was violated: _____
    _____.

2.  **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities          ☐ Mail              ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion     ☐ Retaliation
    ☐ Excessive force by an officer   ☐ Threat to safety  ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

    _____
    _____
    _____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                      ☐ Yes   ☐ No
    b.  Did you submit a request for administrative relief on Count III?                     ☐ Yes   ☐ No
    c.  Did you appeal your request for relief on Count III to the highest level?           ☐ Yes   ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
        _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                DATE                                      SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.