SH

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Pianka, | No. CV 14-2069-PHX-DGC (MHB) |
| Plaintiff, | |
| v. | **ORDER** |
| Unknown Palmer, et al., | |
| Defendants. | |

On September 17, 2014, Plaintiff Victor Pianka, who is confined in the Eloy Detention Center, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In an October 29, 2014 Order, the Court denied the deficient Application to Proceed and dismissed the Complaint for failure to comply with Rule 3.4 of the Local Rules of Civil Procedure. The Court gave Plaintiff 30 days to file a new Application to Proceed and an amended complaint that cured the deficiencies identified in the Order.

On November 13, 2014, Plaintiff filed his First Amended Complaint and a second Application to Proceed. In a December 10, 2014 Order, the Court granted the second Application to Proceed and dismissed the First Amended Complaint because Plaintiff had failed to comply with Rule 8 of the Federal Rules of Civil Procedure. The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

On January 7, 2015, Plaintiff filed a Second Amended Complaint (Doc. 16), a Motion to Designate Second Amended Complaint as First Amended Complaint (Doc. 15), and a Motion for Release to Custody of Witness Protection (Doc. 14). The Court will deny the motions and dismiss the Second Amended Complaint and this action.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

. . . .

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

**II.     Second Amended Complaint**

In his four-count Second Amended Complaint, Plaintiff sues Tempe police officers Nick Moore and Palmer, Unknown Chandler police officer, and Unknown Public Defender. Plaintiff seeks injunctive relief and monetary damages.

In Count One, Plaintiff claims that Defendant Palmer unreasonably seized him in violation of the Fourth Amendment, which led to his conviction for possession of drug paraphernalia in Maricopa County Superior Court case #2011-160573.[1] Plaintiff claims that Palmer placed him in handcuffs "for absolutely no reason" and "[t]hat there was no crime being committed." Plaintiff alleges that his guilty plea was coerced.

In Count Two, Plaintiff claims that "Officer Palmer has done this exact set up arrest . . . in the year 2001, in 2003, and another time prior to [Plaintiff's] 2011 violation." Plaintiff claims that he was coerced into pleading guilty in those cases as well. Plaintiff claims that at some point, Defendant Moore kidnapped him and injected him with sodium pentothal in order to keep Plaintiff from suing Defendant Palmer. Plaintiff also claims that Defendant Palmer "was present when [Defendant] Moore raped [Plaintiff] 15 years ago which [Plaintiff] reported." Plaintiff claims that this "crime was [j]udged by Judge Grainville in the Superior Court."

In Count Three, Plaintiff alleges that on Thanksgiving 2000, Defendant Palmer seized Plaintiff "for absolutely no reason" and drove Plaintiff to Defendant Moore's apartment in Ahwatukee. At the apartment, Plaintiff was placed in handcuffs all day, and was raped by Chris Gutierrez, a friend of Defendant Moore. At some point, Phoenix

---

[1] *See* http://apps.supremecourt.az.gov/publicaccess/caselookup.aspx (last visited Jan. 29, 2015).

police officer Whitlock "came to the apartment and injected [Plaintiff] with a dog/pet locator chip in [Plaintiff's] leg, the first of over now fifty, which have been used to stalk [Plaintiff] for over fift[]een years to enable [Defendant] Palmer" to repeatedly set Plaintiff up. Plaintiff alleges that a couple of months after the Thanksgiving 2000 incident, Palmer seized him again and took him to his house where Plaintiff "was tortured [and] injected with [s]teroids, made to drink coffee, and plucked hairs out of [Plaintiff's] head to reprogram [his] genetics so [that] when [he] drink[s] coffee, [his] hair will fall out." Plaintiff also alleges that Palmer "crooked [Plaintiff's] fingers in a vice" and that Defendant Moore was present while Plaintiff was being tortured.

In Court Four, Plaintiff claims that Defendant Palmer seized him in 2005 without reasonable suspicion. Plaintiff claims that Palmer knew Plaintiff's exact location because of the pet locator chips injected under Plaintiff's skin. Plaintiff claims that the night before, Plaintiff "was made to beg for his life with a gun in his mouth at [Defendant] Moore's [home] where [Defendant] Palmer was present." Plaintiff claims that Moore and Palmer planned to set Plaintiff up so that he would be deported before Moore and Palmer killed Plaintiff's father. After the arrest, Plaintiff "was coerced to plead guilty after being starved for a week."

### III. Failure to State a Claim

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

. . . .

. . . .

### A. Unknown Public Defender

Plaintiff appears to name his criminal defense attorney as a Defendant. A prerequisite for any relief under § 1983 are allegations to support that a defendant acted under the color of state law. The "under color of state law" component is the equivalent of the "state action" requirement under the Constitution. *Lugar v. Edmondson Oil Co, Inc.*, 457 U.S. 922, 928 (1982); *Jensen v. Lane County*, 222 F.3d 570, 574 (9th Cir. 2000) (citing *Rendel-Baker v. Kohn*, 457 U.S. 830, 838 (1982); *West v. Atkins*, 487 U.S. 42, 49 (1988)). "Acting under color of state law is 'a jurisdictional requisite for a § 1983 action.'" *Gritchen v. Collier*, 254 F.3d 807, 812 (9th Cir. 2001) (quoting *West*, 487 U.S. at 46). Whether an attorney representing a criminal defendant is privately retained, a public defender, or court-appointed counsel, he does not act under color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981); *Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003) (*en banc*). For that reason, Plaintiff may not seek relief under § 1983 against his current or former criminal defense attorneys. Accordingly, Unknown Public Defender will be dismissed.

### B. Count One

Plaintiff fails to state a claim for unconstitutional seizure in Count One. A prisoner's claim for damages cannot be brought under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the prisoner demonstrates that the conviction or sentence has previously been reversed, expunged, or otherwise invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *See also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."); *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) ("There is no question that *Heck* bars

[plaintiff's] claims that defendants lacked probable cause to arrest him and brought unfounded charges against him.").

On May 31, 2012, Plaintiff pleaded guilty to possession of drug paraphernalia in CR2011-160573.[2] On July 9, 2012, he was sentenced 18 months of probation.[3] On October 22, 2013, Plaintiff's Rule 32 petition was denied.[4] Plaintiff has not alleged that this conviction has been reversed, expunged, or otherwise invalidated. Plaintiff's allegation in Count One that he was not committing a crime when he was seized by Defendant Palmer would imply the invalidity of his conviction, and is therefore barred by *Heck*. Accordingly, Count One will be dismissed.

### C. Counts Two, Three, and Four

Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id*.

Even liberally construed, the Court cannot find that any of Plaintiff's claims in Counts Two, Three, and Four are plausible. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

---

[2] *See* http://www.courtminutes.maricopa.gov/docs/Criminal/062012/m5267781.pdf (last visited Jan. 29, 2015).

[3] *See* http://www.courtminutes.maricopa.gov/docs/Criminal/072012/m5335366.pdf (last visited Jan. 29, 2015).

[4] *See* http://www.courtminutes.maricopa.gov/docs/Criminal/102013/m6007312.pdf (last visited Jan. 29, 2015).

A complaint is frivolous and warrants dismissal when the claim "lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319 (1989); *Jackson v. Arizona*, 885 F.2d 639 (9th Cir. 1989).  But a court may not dismiss a complaint simply because the court finds the plaintiff's allegations unlikely.  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (to justify dismissal as factually frivolous, allegations must rise to the level of "fanciful," "fantastic" and "delusional").  A complaint lacks an arguable basis in law or fact if it contains factual allegations that are fantastic or delusional, or if it is based on legal theories that are indisputably without merit.  *Neitzke*, 490 U.S. at 327-28.

Plaintiff alleges that at various times over the last 15 years, Defendants have kidnapped him, injected him with sodium pentothal, placed over 50 pet locator chips under his skin, tortured and raped him, force-fed him steroids and coffee, broke his fingers in a vice, held Plaintiff at gunpoint, conspired to murder Plaintiff's father and have Plaintiff deported, and pulled Plaintiff's hair out in order to genetically reprogram him.  The Court finds the allegations in Counts Two, Three, and Four to be fantastic and delusional.  Accordingly, the Court will dismiss Counts Two, Three, and Four.

**IV.    Dismissal without Leave to Amend**

Because Plaintiff has failed to state a claim in his Second Amended Complaint, the Court will dismiss his Second Amended Complaint.  "Leave to amend need not be given if a complaint, as amended, is subject to dismissal."  *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).  The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint.  *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996).  Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend.  *Moore*, 885 F.2d at 538.

Plaintiff has made three efforts at crafting a viable complaint and appears unable to do so despite specific instructions from the Court.  The Court finds that further opportunities to amend would be futile.  Therefore, the Court, in its discretion, will dismiss Plaintiff's Second Amended Complaint without leave to amend.

## V. Motions

### A. Motion for Release to Custody of Witness Protection

The Court will construe this as a motion for injunctive relief. Before seeking injunctive relief, Plaintiff must first have a complaint pending before the Court. *See Stewart v. United States Immigration & Naturalization Serv.*, 762 F.2d 193, 198 (2d Cir. 1985) ("Only after an action has been commenced can preliminary injunctive relief be obtained."); *see also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (*per curiam*) (a party seeking injunctive relief must establish a relationship between the claimed injury and the conduct asserted in the complaint).

In addition, a temporary restraining order without notice may be granted only if "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard" and the movant certifies to the court in writing any efforts made to give notice and the reasons that notice should not be required. Fed. R. Civ. P. 65(b)(1). A "court may only issue a preliminary injunction on notice to the adverse party." Fed. R. Civ. P. 65(a)(1).

Plaintiff has not provided notice, nor does he explain why notice should not be required. Moreover, because the Court is dismissing the Second Amended Complaint without leave to amend, there is currently no complaint pending before the Court. Plaintiff's motion is not properly before the Court, and it will therefore be denied.

### B. Motion to Designate Second Amended Complaint as First Amended Complaint

Plaintiff asks the Court to consider his Second Amended Complaint as his First Amended Complaint because of inaccurate information he received from the American Bar Association. Plaintiff has filed several cases with this Court, and is therefore familiar with court rules and procedures for filing civil cases. The Court finds no basis to consider the Second Amended Complaint as the First Amended Complaint. Accordingly, the motion will be dismissed.

**IT IS ORDERED:**

(1) Plaintiff's Motion for Release to Custody of Witness Protection (Doc. 14) is **denied**.

(2) Plaintiff's Motion to Designate Second Amended Complaint as First Amended Complaint (Doc. 15) is **denied**.

(3) Plaintiff's Second Amended Complaint (Doc. 16) and this action are **dismissed** for failure to state a claim, and the Clerk of Court must enter judgment accordingly.

(4) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(5) The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

Dated this 4th day of February, 2015.

David G. Campbell
United States District Judge